UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENNIS DALEY, individually,

    Plaintiff,

v.                                Case No: 2:15-cv-269-FtM-29DNF

MIKE SCOTT, in his official capacity as Sheriff of Lee County, Florida, MIKE DZUBIA, in his official capacity and individually, and KENNETH SHERMAN, in his official capacity and individually,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #21) filed on July 17, 2015.  Plaintiff filed a Response (Doc. #25) on August 7, 2015.  For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff Dennis Daley (Daley) has filed a fifteen-count Amended Complaint (Doc. #18) against Lee County Sheriff Mike Scott (Sheriff Scott) and Lee County Sheriff's Office Deputies Mike Dziuba (Deputy Dziuba) and Kenneth Sherman (Deputy Sherman) alleging that Defendants battered him, falsely imprisoned him,

maliciously prosecuted him, and violated his civil rights in connection with Daley's arrest in September 2014. The underlying facts, as set forth in the Amended Complaint, are as follows:

On September 21, 2014, Daley pulled into the driveway of his home, followed by Deputy Dziuba and Deputy Sherman (the Deputies). (Id. at ¶ 15.) As Daley was walking to his front door, Deputy Sherman grabbed him and forcibly slammed Daley's head into the door twice. (Id. at ¶ 16.) Deputy Sherman then placed Daley in a chokehold and dragged Daley to the ground. (Id. at ¶ 17.) While Daley was on the ground, Deputy Dziuba repeatedly shot him with a Taser and Deputy Sherman repeatedly struck him in the face. (Id. at ¶¶ 19-25.) According to Daley, the Deputies did not have probable cause to arrest and/or detain him and at no time did Daley resist arrest or otherwise attempt to fight back against the Deputies. (Id. at ¶¶ 18, 28-31.) Daley was then handcuffed and arrested. In support of the arrest, Deputies Sherman and Dziuba falsely swore that Daley had attacked them and attempted to grab Deputy Sherman's gunbelt. (Id. at ¶¶ 28-31.) Ultimately, all charges against Daley were dismissed. (Id. at ¶ 32.)

Based on these allegations, Daley brings causes of action against Defendants for depriving him of his constitutional rights in violation of 42 U.S.C. §§ 1983, 1985, & 1986 (Counts I-VII, XIII-XIV); battery (Counts VII-IX); false imprisonment (Counts X-

XI); negligent supervision (Count XII), and civil conspiracy (Count XV). Defendants now move to dismiss Counts III, VI, VII, and XII-XIV. Plaintiff concedes that Counts XIII and XIV are subject to dismissal and contends that the remaining challenged counts are adequately pled.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate

3

factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. Counts II-III and V-VI: Section 1983 Claims Against Deputies Sherman and Dziuba for Illegal Search & Seizure and False Arrest**

In Counts II and V, Daley alleges that Deputies Sherman and Dziuba denied him his constitutional right to be free from unlawful searches and seizures in violation of Section 1983. In Counts III and VI, Daley alleges that Deputies Sherman and Dziuba denied him his constitutional right to be free from unlawful arrest in violation of Section 1983. Deputies Sherman and Dziuba argue that Daley's false arrest causes of action (Counts III and VI) are

4

duplicative of the unlawful search and seizure causes of action (Counts II and V) and must be dismissed on that basis.

Under the Fourth Amendment, an individual has a right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. "[A] Fourth Amendment seizure occurs when there is a governmental termination of freedom of movement through means intentionally applied." West v. Davis, 767 F.3d 1063, 1071 (11th Cir. 2014) (quoting Scott v. Harris, 550 U.S. 372, 381 (2007)). "The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest." United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975). An arrest is "the quintessential seizure of the person." California v. Hodari D., 499 U.S. 621, 624 (1991). Even brief seizures short of traditional arrest violate the Constitution unless "there exists reasonable suspicion that criminal activity may be afoot." West, 767 F.3d at 1077 (11th Cir. 2014) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). "A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim." Case v. Eslinger, 555 F.3d 1317, 1326 (11th Cir. 2009) (quoting Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004)).

The Deputies argue that Daley's unlawful seizure counts should be dismissed as duplicative of his false arrest counts

because both categories assert a Fourth Amendment claim arising from Daley's encounter with the Deputies that ultimately resulted in his arrest. In his Response, Daley argues that the causes of action are not duplicative because he intends to show that the Deputies' conduct constituted multiple unconstitutional seizures of his person, one of which was his arrest. However, that is not how the causes of action are pled in the Amended Complaint. Both the false arrest counts and the unlawful seizure counts cite the _entire_ interaction between Daley and the Deputies as their factual predicate, and the counts do not specify which actions constituted an arrest and which constituted seizures short of arrest. Thus, as pled, Counts III and VI are duplicative of Counts II and V and are dismissed without prejudice on that basis. Daley is granted leave to amend should he seek to plead the alleged unlawful arrest separately from other alleged unlawful seizures.

**B.     Count VII:  Section 1983 Claim Against Sheriff Scott**

In Count VII, Daley alleges that Sheriff Scott violated Section 1983 because the Deputies' depravation of Daley's Fourth Amendment rights via the use of excessive force occurred as a direct result of Sheriff Scott's policies and practices. Sheriff Scott argues that Count VII must be dismissed because it impermissibly alleges several theories of recovery within a single count. In the alternative, Sheriff Scott seeks an order requiring

6

Daley to provide a more definite statement.  Daley responds that Count VII is adequately pled.

A Sheriff sued in his official capacity may not be held liable for a constitutional violations under a theory of *respondeat superior*, but instead may only be held liable when his "official policy" or custom causes the violation.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978).  Daley can establish the requisite "official policy" in one of two ways: (1) by identifying an officially promulgated policy, or (2) by identifying an unofficial custom or practice shown through the repeated acts of the final policymaker of the entity.  <u>Grech v. Clayton County</u>, 335 F.3d 1326, 1320-30 (11th Cir. 2003).  Daley must identify the policy or custom which caused the injury so that liability will not be based upon an isolated incident, <u>McDowell v. Brown</u>, 392 F.3d 1283, 1290 (11th Cir. 2004)(citations omitted), and the policy or custom must be the moving force of the constitutional violation.  <u>Grech</u>, 335 F.3d at 1330.  <u>See</u> <u>also</u> <u>Board of the County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997); <u>Gold v. City of Miami</u>, 151 F.3d 1346, 1350 (11th Cir. 1998).

Here, Daley alleges in detail multiple instances of excessive force committed by the Deputies (Doc. #18, ¶¶ 11-25), and those allegations are incorporated by reference in Count VII.  (<u>Id.</u> at ¶ 136.)  Daley further alleges that Sheriff Scott's customs and

7

policies "encourage his law enforcement officers to apply force in such a way that it maximizes injury to citizens" and that it is Sheriff Scott's custom and policy "to ignore and fail to discipline misconduct by his deputies when they use excessive force against citizens." (Id. at ¶ 140.)  In support, Daley alleges that Sheriff Scott gave a recent speech in which he advocated the use of excessive force as a means to establish authority (Id. at ¶¶ 34-37), and that Sheriff Scott refused to investigate multiple instances of excessive force committed by his deputies. (Id. at ¶¶ 38-46.)  According to Daley, these actions constitute a policy whereby Sheriff Scott's deputies are encouraged to use excessive force and understand that they will not be investigated or punished when they do so.  (Id.)  Finally, Daley alleges that the Deputies acted in furtherance of the aforementioned policies during the course of his arrest and, therefore, the policies were the driving force behind the Deputies' constitutional violations.  (Id. at ¶¶ 144-49.)  Taking these allegations as true, the Court concludes that Daley has adequately pled a Section 1983 claim against Sheriff Scott violating Daley's Fourth Amendment rights via an official custom or policy.  Accordingly, Defendants' motion to dismiss Count VII is denied.

**C.   Count XII:  Negligent Supervision Claim Against Sheriff Scott**

In Count XII, Daley alleges that Sheriff Scott was negligent in his supervision of the Deputies.  "Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." Dep't of Envtl. Prot. v. Hardy, 907 So. 2d 655, 660 (Fla. 5th DCA 2005). "[T]he alleged acts by employees giving rise to liability for negligent supervision must occur outside the employees' scope of employment."  Santillana v. Florida State Court Sys., No. 09-CV-2095, 2010 WL 271433, at *11 (M.D. Fla. Jan. 15, 2010).

Sheriff Scott argues that Count XII must be dismissed because Daley does not allege that the Deputies were acting outside the scope of their employment.  The Court agrees.  In Count XII Daley does not specifically allege whether or not the Deputies acted within the scope of their employment.  Elsewhere in the Amended Complaint, Daley alleges that the Deputies were acting "in furtherance" of Sheriff' Scott's policies and practices. (Doc. #18, ¶ 47.)  This suggests that Daley intends to allege that the Deputies were acting *within* the scope of their employment.  To be clear, pleading in the alternative is permissible even if the alternative claims are inconsistent. Fed. R. Civ. P. 8(d).  Thus,

9

Daley may plead that the Deputies were acting within the scope of their employment for the purposes of his Section 1983 claim against Sheriff Scott while also pleading that the Deputies were acting outside the scope of their employment for the purposes of his negligent supervision claim. Id. However, Daley does not allege in Count XII that the Deputies were acting outside the scope of their employment and his allegations elsewhere in the Amended Complaint suggest the opposite. Therefore, Count XII is dismissed without prejudice. Daley is granted leave to amend.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #21) is **GRANTED IN PART AND DENIED IN PART**. Counts III, VI, XII, XIII and XIV of the Amended Complaint (Doc. #18) are dismissed without prejudice. Plaintiff may file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. The motion is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of August, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record