UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENNIS DALEY, individually,

      Plaintiff,

v.                         Case No: 2:15-cv-269-FtM-29DNF

MIKE SCOTT, in his official
capacity as Sheriff of Lee
County, Florida, MIKE
DZIUBA, in his official
capacity and individually,
and KENNETH SHERMAN, in his
official capacity and
individually,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Defendants' Answer and Affirmative Defenses (Doc. #30) filed on October 7, 2015. Defendants filed a Response (Doc. #31) on October 21, 2015. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Dennis Daley (Plaintiff) filed a thirteen-count Second Amended Complaint (Doc. #28) against Mike Scott, in his official capacity as the Sheriff of Lee County (the Sheriff), and deputies Mike Dziuba (Deputy Dziuba) and Kenneth Sherman (Deputy Sherman), in their individual and official capacities (collectively, Defendants).

Counts I-III are Section 1983 claims against Deputy Sherman alleging excessive force, illegal search and seizure, and false arrest; Counts IV-VI assert the same claims against Deputy Dziuba;  Count VII is a general Section 1983 claim against the Sheriff;  Counts VIII and IX are battery claims against Deputies Sherman and Dziuba, respectively; Counts X and XI are false imprisonment claims against Deputies Sherman and Dziuba, respectively; Count XII is a negligent supervision claim against the Sheriff; and Count XIII is a civil conspiracy claim against Deputies Sherman and Dziuba and the Sheriff.

Defendants collectively filed their Answer and Affirmative Defenses (Doc. #29) on September 16, 2015 in which they raise seventeen affirmative defenses, including comparative negligence, failure to mitigate damages, collateral source payments, preexisting condition, qualified immunity, and privilege.

Plaintiff's Motion to Strike Defendants' Answer and Affirmative Defenses (Motion to Strike or Motion) characterizes Defendants' affirmative defenses as "bare bones conclusory allegations" unsupported by facts.  (Doc. #30, ¶¶ 2-3.)  Defendants' Memorandum of Law in Opposition to the Motion to Strike (Response in Opposition or Response) argues that Plaintiff has not established that the affirmative defenses fail to satisfy Rule 8's pleading requirements.[1]

---

[1] Defendants' Response also raises Plaintiff's failure to comply with Local Rule 3.01(g).  Although this failure can serve as grounds to deny a motion, the Court finds good cause to address the merits of Plaintiff's Motion to Strike.

## II.

Defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it," and Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense."  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."  Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999).  Pursuant to Federal Rule of Civil Procedure 12(f), courts may strike "insufficient defense[s]" from a pleading, either upon a motion or *sua sponte*.

Plaintiff asserts that Defendants' seventeen affirmative defenses should be dismissed because they are "one-sentence defenses with no facts set forth therein and comprised of no more than 'bare bones conclusory allegations.'"[2]  (Doc. #30, ¶2.)  Plaintiff cites this Court's Opinion and Order in Groves v. Patricia J. Dury, M.D., P.A., No. 2:06-CV-338-FTM-99SPC, 2006 WL 2556944 (M.D. Fla. Sept. 1, 2006), which adopted the pleading standard for affirmative defenses set forth in Microsoft Corp. v. Jesse's Computer & Repair, Inc., 211 F.R.D. 681 (M.D. Fla. 2002).  Under that standard, "[w]hile an answer 'need not include a detailed statement of the applicable defenses,

---

[2] Plaintiff's Motion is, paradoxically, as "bare bones" as the affirmative defenses it seeks to strike.

a defendant must do more than make conclusory allegations.' If the affirmative defense comprises no more than 'bare bones conclusory allegations, it must be stricken.'" Id. at 684 (citations omitted) (striking copyright misuse affirmative defense because defendant "failed to allege any facts whatsoever in support of [that] defense").

Defendants contend, however, that "Rule 8 does not require the Defendant to set forth detailed factual allegations supporting each defense." (Doc. #31, p. 3.) Quoting Reyher v. Trans World Airlines, Inc., Defendants argue that an affirmative defense should be stricken only if "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law," that is, "only if it appears that the defendant will not be able to succeed on the defense under any set of facts which it could prove."[3] 881 F. Supp. 574, 576 (M.D. Fla. 1995). In other words, Defendants essentially argue that "boilerplate pleading" of an affirmative defense – pleading the defense by its name only without any supporting facts – is enough to satisfy Rule 8(c).

---

[3] The Reyher court refused to strike the boilerplate defense "that Plaintiff's claims are barred by collateral estoppel, waiver, laches, and unclean hands," since the defense "ha[d] a possible relationship to th[e] controversy." 881 F. Supp. at 577.

- 4 -

Groves, Microsoft Corp., and Reyher were all decided in the Conley "fair notice" pleading era[4]  that pre-dated the "plausibility" regime set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  But neither Twombly nor Iqbal addressed whether Rule 8(c) requires an affirmative defense, like a claim for relief, to be pled with "enough facts" to show "that [it] is plausible on its face."  Twombly, 550 U.S. at 570.  While Rule 8(c) may not impose a plausibility standard for affirmative defenses, this Court reaffirms its stance that a defendant is required to plead sufficient relevant factual "allegations connecting the defense to [the plaintiff's] claims in th[e] case." Schmidt v. Synergentic Commc'ns, Inc., No. 2:14-CV-539-FTM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015); see also LSREF2 Baron, L.L.C. v. Tauch, 751 F.3d 394, 398 (5th Cir. 2014) (reiterating that a defendant must plead an affirmative defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced" (citation omitted)); Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1295 (7th Cir. 1989) ("The remaining defenses are equally meritless. They are nothing but bare bones conclusory allegations. . . . omit[ting] any short and plain statement of facts and fail[ing]

---

[4] Under this standard, it was appropriate to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitled him to relief." Conley v. Gibson, 355 U.S. 41, 46-47 (1957), abrogated by, Twombly, 550 U.S. 544 (2007).

totally to allege the necessary elements of the alleged claims.").

Boilerplate pleading is not permitted, because it simply cannot provide notice sufficient to give the plaintiff "a chance to rebut [the defense]," Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971)), or to "prepare[ the defendant] to **properly** litigate it." Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988) (emphasis added) (citing Blonder-Tongue, 402 U.S. at 350). The insufficiency of boilerplate pleading is well-illustrated by an opinion from another court in this District:

> [Such] affirmative defenses share one shortcoming: They are entirely devoid of specifics. They contain nothing from which the reader could conclude that the City actually believes that they apply in this case. Rather, the affirmative defenses appear to be simply a generic list of defendant-friendly conclusions that could conceivably be reached in an employment discrimination case. Even when challenged, the City provides no support for its pleading, nothing to suggest that it has reviewed this matter and has a good faith belief that these issues will need to be resolved.

Smith v. City of New Smyrna Beach, No. 6:11-CV-1110-ORL-31, 2011 WL 6099547, at *1 (M.D. Fla. Dec. 7, 2011); see also Heath v. Deans Food T.G. Lee, No. 6:14-CV-2023-ORL-28, 2015 WL 1524083, at *2 (M.D. Fla. Apr. 2, 2015) ("[A] defendant is still required to . . . give the plaintiff fair notice of issues that may be raised at trial. . . . These defenses are stated so generally that they constitute no

notice of [what] Defendant will raise at trial. . . . [T]hese defenses will be stricken.").[5]

Moreover, requiring defendants to plead some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs.[6] See Heller, 883 F.2d at 1294-95 (noting that motions seeking to strike "bare bones conclusory" affirmative defenses "serve to expedite, not delay" because they "remove unnecessary clutter from the case"); cf. Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996) ("[U]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes

---

[5] The Court acknowledges that other courts in this District deem boilerplate pleading sufficient under Rule 8(c). E.g., Ability Hous. of Ne. Fla., Inc. v. City of Jacksonville, No. 3:15-CV-1380-J-32PDB, 2016 WL 816586, at *2 (M.D. Fla. Mar. 2, 2016); Fireman's Fund Ins. Co. v. Landstar Ranger, Inc., No. 3:11-CV-1241-J-37MCR, 2012 WL 5949110, at *2 (M.D. Fla. Nov. 28, 2012); Sembler Family P'ship No. 41, Ltd. v. Brinker Fla., Inc., No. 808-CV-1212-T-24MAP, 2008 WL 5341175, at *4 (M.D. Fla. Dec. 19, 2008).

[6] This pleading burden is not exacting. For example, in a case involving copyright infringement, this Court deemed an affirmative defense adequately pled where the defendant alleged that the plaintiff failed to mitigate damages "by purposefully avoiding taking sufficient steps to protect the copyrighted material." Malibu Media, LLC v. Zumbo, No. 2:13-CV-729-JES-DNF, 2014 WL 2742830, at *3 (M.D. Fla. June 17, 2014) (emphasis added). The defendant was not required to plead what steps the plaintiff had purposefully avoided taking; the fact that the defendant alleged purposeful failure to protect copyright gave the plaintiff fair notice of the ground upon which the defense rested. Id. at *4.

unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). It is also likely required under Rule 11, as it is hard to see how a long list of affirmative defenses that are not supported by the allegations or claims in the complaint can comply with the requirement that the defenses asserted "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2); see Unicredit Bank AG v. Bucheli, No. 10-2436-JWL, 2011 WL 4036466, at *5 n.3 (D. Kan. Sept. 12, 2011); Facebook, Inc. v. ConnectU LLC, No. C 07-01389 RS, 2007 WL 2349324, at *1 (N.D. Cal. Aug. 14, 2007).

Requiring a defendant to do more than simply list the name of the affirmative defense does not, as some courts have concluded, unfairly subject defendants to a significant risk of waiving viable defenses for which they do not yet have supporting facts. Courts routinely grant motions seeking additional time to answer a complaint. Courts also "freely give leave" to amend pleadings "when justice so requires," Fed. R. Civ. P. 15 (a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962), such as when a defendant discovers evidence supporting a new affirmative defense. Dodson v. Munirs Co., No. CIV. S-13-0399 LKK, 2013 WL 3146818, at *6 (E.D. Cal. June 18, 2013); Shea v. Clinton, 288 F.R.D. 1, 6 (D.D.C. 2012). It is precisely because "Rule 15 allows for appropriate amendments [that] counsel should therefore feel no need . . . to window-dress pleadings early

for fear of losing defenses later." Safeco Ins. Co. of Am. v. O'Hara Corp., No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008). Moreover, even when the defendant does not move to amend his answer to assert a new affirmative defense, he can often subsequently provide fair notice of his intent to present the defense by including it in a dispositive motion or in the pretrial statement or order.[7] Pulliam v. Tallapoosa Cty. Jail, 185 F.3d 1182, 1185 (11th Cir. 1999); Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 763 (11th Cir. 1995); Grant, 885 F.2d at 797.

In addition to pleading some facts tying the allegations in the complaint to the affirmative defenses asserted, a defendant must "identify the [specific] claim to which [each] defense applies." Lee v. Habashy, No. 6:09CV671ORL28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009). Indeed, the Eleventh Circuit Court of Appeals has routinely criticized shotgun pleading of affirmative defenses, that is, "affirmative defenses address[ing] the complaint as a whole,

---

[7] It has been observed that if "it is not even required that a defendant plead an affirmative defense (so long as the plaintiff has notice of the defense), it cannot be necessary for a defendant to include factual allegations supporting each affirmative defense." Adams v. JP Morgan Chase Bank, N.A., No. 3:11-cv-337, 2011 WL 2938467, at *3 (M.D. Fla. July 21, 2011). The Court disagrees. Defendants are required at all stages of litigation to diligently pursue their affirmative defenses. This includes adequately pleading the affirmative defenses that are supported by the allegations in the complaint. As for the defenses for which notice is subsequently provided to the plaintiff, such notice will typically occur after discovery is well underway or has already concluded and facts supporting those defenses have been adduced. In contrast, no facts are ever provided with boilerplate pleading.

as if each count was like every other count," instead of each defense being directed at specific counts in the complaint.  Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015); see also e.g., Paylor, 748 F.3d at 1127; Ledford v. Peeples, 657 F.3d 1222, 1242 n.63 (11th Cir. 2011). District courts have a *sua sponte* obligation to identify shotgun pleading of affirmative defenses and strike those defenses with leave to replead.[8]  See Paylor, 748 F.3d at 1127 (criticizing failure to order repleader of answer containing shotgun affirmative defenses); Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("[A] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." (citations omitted)).

---

[8] If district courts in this Circuit are required to strike shotgun affirmative defenses because they are too unspecific, it is counterintuitive to permit boilerplate affirmative defenses to survive.  See Paylor, 748 F.3d at 1127 ("[W]hy should parties wait until discovery to identify, with precision, the subject of the litigation? That is exactly backward. Civil pleadings are supposed to mark the boundaries for discovery; discovery is not supposed to substitute for definite pleading."); see also Paleteria La Michoacana v. Productos Lacteos, 905 F. Supp. 2d 189, 192 (D.D.C. 2012) ("[D]efendants should not feel free to fire off 'shotgun pleadings' or boilerplate defenses without deliberation." (citing Anderson, 77 F.3d at 367 (quotation omitted))).

## III.

**A.   Ninth, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses**

Affirmative defenses nine, fifteen, sixteen, and seventeen contend, respectively, that "Plaintiff has failed to allege a cognizable constitutional violation"; that the Complaint may fail to state a viable cause of action; that Sheriff "has no custom, policy, practice or procedure that provided the moving force or cause of any alleged violation of Plaintiff's Constitutional Rights";[9] and that Plaintiff "failed to set forth the required elements for injunctive relief."   Insofar as each either alleges that Plaintiff has failed to state a claim or "points out a defect in Plaintiff's prima facie case," all are "general" defenses, not affirmative defenses.   In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 & n.9 (11th Cir. 1988). The Court grants Plaintiff's request to strike these defenses.

**B.   First, Fourth, Fifth, Eighth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses**

These affirmative defenses allege comparative negligence, pre-existing condition; various types of privilege and immunity; acting within the course and scope of employment; and probable cause to

---

[9] A plaintiff seeking to attribute liability to a Sheriff under § 1983 "must demonstrate that [the] Sheriff had in place an official policy or custom that was 'the moving force of the constitutional violation.'"   Anderson v. City of Groveland, No. 5:15-CV-26-OC-30PRL, 2015 WL 6704516, at *10 (M.D. Fla. Nov. 2, 2015) (quoting Vineyard v. Cty. of Murray, Ga., 990 F.2d 1207, 1211 (11th Cir. 1993)).

arrest.  Even assuming these are proper affirmative defenses to the claims raised in the Complaint, all are shotgun defenses, because each is pled indiscriminately against Plaintiff's thirteen claims. This leaves Plaintiff (and the Court) to speculate as to which count or counts each is directed.  Accordingly, the Court strikes these shotgun affirmative defenses with leave to replead.

## C.   Second, Third, Sixth, and Seventh Affirmative Defenses

Affirmative defenses two, three, six, and seven are essentially all claims for set-off and thus constitute proper affirmative defenses.  Hassan, 842 F.2d at 263.  Although each is asserted indiscriminately, all seek to reduce the *total amount* of Plaintiff's damages (if any) Defendants are required to pay.  In other words, these defenses are presumably applicable, no matter which claim or claims (if any) Plaintiff prevails on.  Accordingly, and in the absence of any argument from Plaintiff that a set-off is impermissible, the Court will not dismiss affirmative defenses two, three, six, and seven on the basis that they are shotgun defenses, but will proceed to determine whether the defenses, as pled, are otherwise sufficient to withstand the Motion to Strike.

### (1)  Affirmative Defense Two

Defendants' second affirmative defense alleges that "Plaintiff has received payment from collateral sources and any recovery for or on behalf of the Plaintiff should be reduced by the amount of the

collateral source payments."[10]   While terse, this is sufficiently pled, because it at least alleges the basis for seeking a reduction of damages: that plaintiff has received payment from other sources.

### (2)   Affirmative Defense Three

Defendants' third affirmative defense contains only the conclusory assertion that "Plaintiff has failed to mitigate damages."   Nothing in this boilerplate assertion indicates how Plaintiff failed to "make reasonable efforts to alleviate the effects of the injury".   Century 21 Real Estate LLC v. Perfect Gulf Props., Inc., No. 608CV1890ORL28KR, 2010 WL 598696, at *5 (M.D. Fla. Feb. 17, 2010) (quoting Black's Law Dictionary (9th ed. 2009)).   This defense will therefore be stricken with leave to amend.

### (3)   Affirmative Defense Six

Defendants' sixth affirmative defense alleges that "[t]he Plaintiff's recovery, if any, should be reduced by any free or low cost services from governmental or charitable agencies available to the Plaintiff."   In support thereof, Defendants cite the Florida Supreme Court's opinion in Florida Physician's Ins. Reciprocal v. Stanley, 452 So. 2d 514 (Fla. 1984).   Although the Court is not convinced that Stanley provides the proper authority for this

---

[10] The Court presumes Defendants are referring to the "collateral sources" discussed in Fla. Stat. § 768.76(2)(a).

defense,[11] certain governmental and charitable services may constitute proper collateral sources under Fla. Stat. § 768.76(2)(a). The Court thus finds this defense sufficiently pled.

### (4) **Affirmative Defense Seven**

Defendants' seventh affirmative defense asserts that "Plaintiff's recovery for medical damages is limited to only those medical expenses for which the Plaintiff has become liable." The Response provides more information: "The concept that a plaintiff should only be permitted to recover as damages that amount for which he is actually liable to his medical providers after any such provider reduces its bill by the amount received from the plaintiff's PIP insurer, the amount of any contractual discounts, and any write offs or write downs of the provider's bill is well established in cases involving allegations of personal injury." (Doc. #31, p. 7.)

That is not correct. Under Florida law, a plaintiff is entitled to recover from a defendant the full amount that the plaintiff's medical providers have agreed to accept as payment for the treatment, regardless of who pays them - not just the amount for which the plaintiff is personally liable to those providers. Goble v. Frohman, 901 So. 2d 833 (Fla. 2005) (Plaintiff recovered all $145,970.76 that his HMO paid his medical providers, even though his

---

[11] Not only did Stanley predate Fla. Stat. § 768.76, which "statutorily amended the damages aspect of the common law collateral source rule," Joerg v. State Farm Mut. Auto Ins. Co., 176 So. 3d 1247, 1252 (Fla. 2015), the Florida Supreme Court recently retreated from Stanley's holding. Id. at 1257.

HMO had "fully discharged [his personal] obligation to his medical
providers"); see also Coop. Leasing, Inc. v. Johnson, 872 So. 2d
956, 958 (Fla. 2d DCA 2004) ("In Florida an injured party is entitled
to recover the reasonable value of medical care resulting from the
defendant's negligence. . . . [T]he 'reasonable value' of medical
services is limited to the amount accepted as payment in full for
medical services."). In fact, Section 768.76(1) does not permit a
setoff of "collateral sources for which a subrogation or
reimbursement right exists," and an insurance company "has a
subrogation or reimbursement right for the amounts paid on [a
party's] behalf, minus a pro rata share of [the party's] costs and
attorney's fees." Goble v. Frohman, 848 So. 2d 406, 408 n.1 (Fla.
2d DCA 2003) (citing Fla. Stat. §§ 641.31(8), 768.76(4)), approved,
901 So. 2d 830 (Fla. 2005). The Court therefore strikes affirmative
defense seven with leave to amend.

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion to Strike (Doc. #30) is **GRANTED IN PART
AND DENIED IN PART.**

2. The Motion is **DENIED** as to affirmative defenses Two and
Six and **GRANTED** as to all other affirmative defenses.

3.    Defendants   are   granted   leave   to   amend   the   stricken
affirmative defenses on or before July 12, 2016.

**DONE AND ORDERED** at Fort Myers, Florida, this 28th day of June,
2016.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record